UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CONNIE EASON,

Plaintiff,

v.                     6:13-cv-41

EVANS COUNTY BOARD OF
COMMISSIONERS; IRENE BURNEY;
JACK PINCKARD; NEIL HAMMOCK;
and SHEILA HOLLAND,

Defendants.

# ORDER

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. ECF No. 10. Defendants primarily argue that Connie Eason fails to state a claim for gender discrimination. *Id.* at 4-5. Eason, of course, disagrees. ECF No. 16. The four corners of Eason's complaint, however, belie her disagreement. The Court therefore **GRANTS** Defendants' motion.

## II. BACKGROUND

For purposes of a motion to dismiss, the Court accepts as true all factual allegations in the complaint and construes them in the light most favorable to the Plaintiff. *See Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011).

Between October, 2006 and June 6, 2012, Eason "was an experienced and fully trained Code Enforcement Officer for [Evans] County." ECF No. 1 at 4. "Eason underwent surgery on February 20, 2012." *Id.* Upon her return to work, Eason requested light duty work pursuant to her treating physician's recommendation. *Id.*

Evans County ("County") did not accommodate her request. *Id.* "On June 6, 2012 . . . Eason was terminated, unlike her male counterparts whose light duty work restrictions and disabilities were accommodated." *Id.*

Eason appealed the termination. At her appeal hearing, Eason "reminded all Defendants that they routinely made accommodations for similarly situated male employees." *Id.* at 5. She also reminded them "that a male county employee with worse disabilities and more crippling limitations than [Eason] was currently on the payroll." *Id.*

All the reminders mattered not. "Defendants upheld their decision to terminate . . . Eason," and replaced her with "a male whose duties are tailored for the light duty work restrictions that would have accommodated [Eason's] light duty work restrictions." *Id.*

Eason then filed a charge of discrimination with the Equal Employment Opportunity Commission. ECF No. 1-1. The EEOC issued a right to sue letter on January 17, 2013, ECF No. 1-2, and Eason filed this suit almost four months later. ECF No. 1. Defendants answered and filed a motion to dismiss for failure to state a claim. ECF Nos. 9; 10; Fed. R. Civ. P. 12(b)(6).

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must "take all of the *factual* allegations in [a] complaint as true," but those allegations must raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability," it falls short of stating a claim for relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). With that review lens established, the Court turns to the complaint's claims.

## IV. DISCUSSION

Eason's complaint alleges violations of Title VII, and 42 U.S.C. §§ 1981 and 1983, all centered on Defendants' alleged disparate treatment of Eason based on her gender.[1] The Court addresses first Eason's Title VII and § 1983 claims, then her § 1981 claim.

### A. Title VII and § 1983

Title VII prohibits employers from discriminating in the workplace on the basis of, among other things, an individual's gender. 42 U.S.C. § 2000e-2(a). Disparate treatment, like that Eason alleges, "can constitute illegal discrimination when 'an employer has treated a particular person less favorably than others because of a protected trait.'" *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)).

To state a claim for disparate treatment, however, "a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas*[2] prima facie case" of discrimination. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). A plaintiff must instead provide enough factual allegations, taken as true, to suggest intentional discrimination based on a protected trait. *See id.* The elements of a prima facie case[3] nevertheless remain

---

[1] Eason also seeks punitive damages, purportedly against Irene Burney, Jack Pinckard, Neil Hammock, and Sheila Holland in their individual capacities. ECF No. 16 at 5. Eason, however, misunderstands the difference between individual and official capacity claims. She asserts that "[a]s supervisors and agents of the County, each defendant is individually culpable." *Id.* That simply is an incorrect statement of law. In fact, "[t]he relief granted under Title VII is against the employer, *not* individual employees." *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (emphasis added). Supervisory employees, like the defendants here, are only proper defendants in a Title VII action insofar as they are agents of their employer. *Id.* Defendants are not liable in their individual capacities and Eason's request for punitive damages against them therefore must fail. *See* 42 U.S.C. § 1981a(b)(1) (prohibiting the recovery of punitive damages against "a government, governmental agency or political subdivision," like the County).

[2] The *McDonnell Douglas* framework gives courts an evidentiary standard, not a pleading requirement, by which to evaluate Title VII claims supported by circumstantial as opposed to direct evidence. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). At the motion to dismiss stage then, where no evidence yet exists, plaintiffs are not required to "make a showing of each prong of the prima facie test" outlined in *McDonnell Douglas*. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*'s discussion of the *McDonnell Douglas* test).

[3] "To establish a *prima facie* case, a plaintiff must show that (1) [s]he is a member of a protected class;

relevant and may be used as a point of reference in evaluating disparate treatment claims. *See Swierkiewicz*, 534 U.S. at 551; *Harney v. McCatur, Inc.*, No. CV-11-S-4103-NE, 2012 WL 2479630, at *4 (N.D. Ala. 2012).

Regardless, Eason provides insufficient factual allegations suggesting that Defendants intentionally discriminated against her on the basis of gender. After refusing to accommodate her light duty work request, Eason complains that the County (1) terminated her; (2) accommodated male employees, and (3) replaced her with a disabled man whose "disabilities and more crippling limitations" the County accommodated. ECF No. 1 at 5.

The allegation that the County accommodated disabled males is nothing more than a bare assertion that amounts to a "formulaic recitation of the elements of a constitutional discrimination claim," namely, that Defendants treated males similarly situated to Eason differently than her. *Iqbal*, 556 U.S. at 681. "As such, the allegation [is] conclusory and not entitled to be assumed true." *Id.*

Eason's statement that Defendants replaced her with a man who required light duty work restrictions, although factual, also does not save her complaint. While that statement is "consistent with [the County's] liability," it is insufficient to push Eason's claims over the possible-plausible divide. *Id.* at 678.

The plaintiff's complaint in *Twombly* is illustrative. There, plaintiffs alleged a violation of the Sherman Act, which "enjoins only anticompetitive conduct 'effected by a contract, combination, or conspiracy.'" *Twombly*, 550 U.S. at 551. Plaintiffs then "flatly pleaded . . . that the defendants' 'parallel course of conduct . . . to prevent competition' and inflate prices was indicative of the unlawful agreement alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 551). The Court held that the factual allegation of parallel conduct "was consistent with an unlawful agreement" but "did not plausibly suggest an illicit accord" sufficient to state a claim to relief.

So too here. Defendants' replacement of Eason with a disabled man certainly supports an inference of gender discrimination. But like the parallel course of conduct by two competitors in *Twombly* that did not make an unlawful, anticompetitive agreement a more likely explanation, hiring a man after terminating a woman does not, absent more, make discrimination a more likely explanation.

Eason's failure to allege sufficient facts supporting her Title VII claim is also fatal to her § 1983 equal protection claim because "there is no difference between the scope of Title VII and the scope of the Equal Protection Clause concerning intentional discrimination in the form of disparate treatment in the public workplace." *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d

---

(2) [s]he was qualified for his job; (3) [s]he was subjected to an adverse employment action; and (4) h[er] employer treated similarly-situated employees outside his class more favorably or replaced him with someone outside his class." *MackMuhammad v. Cagle's Inc.*, 379 F. App'x 801, 804 (11th Cir. 2010) (citing *Maynard v. Bd. of Regents of Div. of Univs. Of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003)).

1325, 1331 (11th Cir. 2003). "[T]he elements of a claim under each are identical" and so a failure of one is a failure of the other. *Id.* The Court accordingly **DISMISSES** both Eason's Title VII and § 1983 claims.

### B. Section 1981

By its text, § 1981 provides the same rights to contract to "[a]ll persons" as those enjoyed by "white citizens." The statute's plain language thus speaks only in terms of race and citizenship status. So while § 1981 protects against race and alienage discrimination, it does not extend to discrimination based on national origin and it certainly does not extend to gender discrimination. *See Tippie v. Spacelabs Med., Inc.*, 180 F. App'x 51, 56 (11th Cir. 2006) ("[S]ection 1981 applies to claims of discrimination based on race, not national origin.").

Even if § 1981 did apply, which it does not, Eason's claim would fail because like § 1983, the legal elements of a § 1981 claim are identical to those of a Title VII claim when a plaintiff predicates liability on disparate treatment. *Underwood v. Perry Cnty. Comm'n*, 431 F.3d 788, 793 (11th Cir. 2005). In any case, Eason's § 1981 claim necessarily fails as a matter of law and so it is **DISMISSED**.

### V. CONCLUSION

All of Eason's claims—under Title VII and §§ 1981 and 1983—fail because Eason's complaint lacks sufficient plausible factual allegations that Defendants treated disabled males differently. Defendants' motion to dismiss therefore is **GRANTED** and this case is **DISMISSED**.

This 17 day of October 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4